UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MARCUS MILLER,<br><br>        Defendant. | No. 2:23-cr-000150-DJC-1<br><br><br><u>ORDER</u> |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>REGINALD JONES,<br><br>        Defendant. | No. 2:23-cr-000150-DJC-2<br><br><u>ORDER</u> |
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>JIMMY VAN, II,<br><br>       Defendant. | No. 2:23-cr-000150-DJC-4<br><br><u>ORDER</u> |

Like many criminal defendants in this district who are represented by CJA panel attorneys, Defendants Marcus Miller and Reginald Jones each filed a Motion to Dismiss based on an alleged violation of Defendant's Sixth Amendment Rights. Defendant Jimmy Van, II joined Defendants Miller and Jones' Motions.  Due to the United States Government's failure to provide adequate funding to pay CJA-appointed counsel and the lapse in funding that resulted in a government shutdown, CJA panel attorneys, including Defendants' Counsel, have not received compensation for their representation since July 2025.  Addressing this issue in two other cases, the Court found the following:

> [T]he months-long failure to provide funding for a defense violates the Sixth Amendment constitutional right to counsel. The Court concludes that the right to counsel is violated whenever counsel is denied payment or access to compensated investigative resources for a significant period.

*United States v. Evanovich*, 2:24-cr-00079-DJC-1, 2025 WL 3208308, at *4 (E.D. Cal. Nov. 17, 2025); *United States v. Salanoa*, 2:25-cr-00063-DJC-1, 2025 WL 3208520, at *4 (E.D. Cal. Nov. 17, 2025).

The Court finds this conclusion is also appropriate here on the same basis described in the Court's orders in *Evanovich* and *Salanoa*.  Defendants' Sixth Amendment right to counsel was violated by the months-long failure to provide adequate funding for Defendants' Counsel.  Defendants were prejudiced by that failure as it impeded CJA-appointed counsels' ability to perform vital pre-trial defense tasks.  The passage of the continuing resolution does not render Defendants' Motions moot.  Regardless of whether CJA Counsel are now receiving funding, Defendants' Sixth Amendment rights were violated by the prior failure to provide funding, that violation has ongoing effects on Defendants' representation, and that violation and its effects necessitate a remedy.

As in *Evanovich* and *Salanoa*, the Court concludes that in light of the continuing resolution that has since been signed into law, dismissal is no longer an appropriate remedy.  Instead, the least intrusive available remedial action is for the Court to grant Defendants whatever continuance Counsel needs to provide Defendants with adequate representation.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (ECF Nos. 174, 175) are GRANTED IN PART and DENIED IN PART.  Counsel for Defendants shall be granted whatever continuances Counsel requires to fulfill their obligations to the Defendants, consistent with the Sixth Amendment to the Constitution.

IT IS SO ORDERED.

Dated:  **November 20, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE